MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

ACADIA L. SENESE (CABN 251287)
W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7301
   Facsimile: (415) 436-6758
   E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> RICHARD MARTINEZ, <br><br> Defendant. | No. CR 12-00119 SI <br><br> [~~PROPOSED~~] **ORDER OF DETENTION OF DEFENDANT RICHARD MARTINEZ** |

The defendant Richard Martinez came before this Court on May 9, 2012, for a detention hearing. The defendant was present and represented by his counsel, Edwin Prather, Esq. Assistant United States Attorney Acadia Senese represented the United States.

The government requested detention, submitting that no condition or combination of conditions would assure the defendant's appearance or reasonably assure the safety of the community.

Pretrial Services submitted a report recommending detention.

Upon consideration of the Pretrial Services report, the court file and the party proffers as

discussed below, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Richard Martinez is charged with multiple counts, including 18 U.S.C. § 1962(d) (Racketeering Conspiracy), 18 U.S.C. § 1959(a)(1) (Conspiracy to Commit Murder in Aid of Racketeering), and 18 US.C. § 924(c) (Possession of a Firearm in Furtherance of a Crime of Violence). The instant charges are part of a multi-defendant racketeering case in which the government alleges that the defendant conspired with others to commit murder in the aid of racketeering. Specifically, the government proffered that the defendant is the gun supplier for the gang.

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure either the defendant's appearance as required, or the community's safety: First, the defendant supplied firearms to the gang. Second, the defendant suffered a felony conviction for violating California Penal Code § 4573.6 (possessing a controlled substance in facility where inmates are housed). Third, the defendant committed the

| | |
|---|---|
| 1 | instant offense while on a probation. |
| 2 | These factors, among others adduced at the hearing, clearly and convincingly |
| 3 | demonstrate that if released, the defendant would be a danger to the community, and demonstrate |
| 4 | by a preponderance that if released, the defendant would not appear as required. |
| 5 | Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT: |
| 6 | (1) the defendant is committed to the custody of the Attorney General for confinement in |
| 7 | a corrections facility; |
| 8 | (2) the defendant be afforded reasonable opportunity for private consultation with his |
| 9 | counsel; and |
| 10 | (3) on order of a court of the United States or on request of an attorney for the |
| 11 | government, the person in charge of the corrections facility in which the defendant is |
| 12 | confined shall deliver the defendant to an authorized Deputy United States Marshal for |
| 13 | the purpose of any appearance in connection with a court proceeding. |

Dated: July 18, 2012



HON. _____ C. SPERO
United States Magistrate Judge

[~~Proposed~~] Detention Order
No. CR 12-0119 SI