IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSEPH ORTIZ, et. al,

Defendants.
/

No. CR 12-00119 SI

**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

At a hearing on January 30, 2013, the Court ordered the Government to produce all withheld non-Jencks discovery pursuant to a heightened protective order. The Court outlined its reasoning and the details of the heightened protective order in a subsequent order. The Government has filed a request for leave to file a motion for reconsideration. After considering the Government's papers, the Court DENIES the request, for the reasons set forth below.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.2000)). A motion for reconsideration may not be used to present arguments that were presented initially or "reasonably could have been raised" during the initial motion. *Id.* The district court has discretion to deny a motion for reconsideration. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

The Government argues that reconsideration would be appropriate for two reasons. First, the government argues that it did not have the opportunity to present information to the Court regarding witness safety via Federal Rules of Criminal Procedure 16(d). The Court does not find that this warrants leave to file a motion for reconsideration. The Government had adequate opportunity to present its case to the Court when it filed its opposition to defendants' motion to compel the production of discovery and at the hearing of that motion. This evidence is not "newly discovered evidence." The government possessed this evidence when it filed its opposition, and only asked to be able to offer it to the Court after the Court had ruled on the motion. Thus, it or "reasonably could have been raised" during the initial motion. Moreover, the Court has reviewed the Government's evidence relating to witness safety, and finds that the narrow heightened protective order will protect witness safety and security.

Second, the Government argues that the Court committed clear error to the extent that it based its decision on either: (1) defendants' claim that Exhibit E was exculpatory, or (2) that the death authorization process confers any substantive, procedural, or discovery rights. The Court did not rely on either of these two grounds in its order, and indeed explicitly disavowed any finding of discovery rights conferred by the death authorization process. Instead, the Court found that its inherent powers over the administration of its business, especially for the purposes of efficient administration of justice, allowed it to compel discovery. Therefore, the Court did not commit clear error.

Accordingly, the Government's request for leave to file a motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: February 5, 2013

SUSAN ILLSTON
United States District Judge

2