IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>JOSEPH ORTIZ, et al.,<br><br>    Defendants.<br>_____/ | No. C 12-00119 SI<br><br>**ORDER RE SUBPOENAS DUCES TECUM** |

On December 20, 2013, the Court heard oral argument on defendant Justin Whipple's motion to compel compliance with the Court's previously ordered subpoena duces tecum, and the government's cross motion to quash. Having considered the arguments of counsel and the papers submitted, the Court GRANTS the defendant's motion to compel and DENIES the government's motion to quash.

**BACKGROUND**

On October 8, 2013, defendant Justin Whipple[1] filed an under seal, ex parte application with the Court, seeking subpoenas duces tecum for the production of certain documents pertaining to his defense. The Court authorized issuance of the subpoenas. On November 22, 2013, the defendant filed a motion to compel compliance with the subpoenas, claiming that, as of that date, third-party recipient the

---

[1] Defendant Armando Acosta subsequently filed for joinder in this motion.

1 Hemisphere Project had declined to produce the documents sought.[2] Dkt. 820. On October 30, 2013,
2 the defendant's attorney spoke to the California Deputy Attorney General with responsibility for
3 responding to the Hemisphere Project subpoena. *See* Declaration of David Andersen in Support of
4 Motion to Compel Compliance with Subpoenas Duces Tecum ("Andersen Decl.") ¶ 6. On November
5 12, 2013, the defendant's attorney again spoke to the Deputy Attorney General, who indicated that,
6 following discussions with the federal government regarding these subpoenas, he had agreed not to
7 produce any documents until after the Court ruled on the government's motion to quash the subpoenas.
8 *Id.* ¶ 7. He further stated that, if the Court denied the motion to quash, he would comply with the
9 subpoenas within fourteen days of the ruling. *Id.*

Now pending before the Court are the defendant's motion to compel compliance, and the government's cross-motion to quash the subpoenas.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 17(c) permits a party to move the Court for a subpoena to compel the production of witnesses, documents, or objects. The party seeking the subpoena must demonstrate that (1) the documents sought are evidentiary and relevant; (2) the party seeking them could not otherwise obtain them reasonably in advance of trial through the exercise of due diligence; (3) the party would be unable to properly prepare for trial in the absence of the documents, and failure to produce them in advance might unreasonably delay trial; and (4) the party is making the application in good faith, and not as part of a "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699 (1974).

In a criminal case, a party has standing to move to quash a third party subpoena "if the subpoena infringes upon the movant's legitimate interests." *United States v. Jenkins*, 895 F. Supp. 1389, 1393 (D. Haw. 1995) (quoting *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)). Because questions of standing implicate the Court's jurisdiction to hear the matter, the party moving to quash

---

[2] In the defendant's motion to compel, he stated that third-party recipient Metro PCS had also declined to produce the records sought. Dkt. No. 820. However, the defendant later withdrew his request with regard to Metro PCS due to a typographical error in the first subpoena with which Metro PCS was served. Dkt. Nos. 836-838, 839. The defendant represents that Metro PCS was later served with a corrected subpoena and the time for compliance with that second subpoena has not yet expired. *Id.*

2

bears the burden of demonstrating that it has standing. *United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997) (quoting *KVOS v. Associated Press*, 299 U.S. 269, 278 (1936)). "In many instances, the opposing party in a criminal case will lack standing to challenge a subpoena issued to a third party because of the absence of a claim of privilege, or the absence of a proprietary interest in the subpoenaed material or of some other interest in the subpoenaed documents." *Id.* (quotation omitted). Courts have recognized several legitimate interests that may give rise to standing to move to quash a third party subpoena, including avoiding undue lengthening of a trial, preventing undue harassment of a witness, and preventing prejudicial overemphasis on a particular witness's credibility. *See Raineri*, 670 F.2d at 712. However, if the subpoena does not infringe upon the moving party's legitimate interest, that party lacks an injury in fact, and therefore lacks standing. *Id.*

**DISCUSSION**

The defendant now moves the Court to order the Hemisphere Project to comply with the previously issued subpoenas duces tecum. The government moves to quash the subpoenas. For the following reasons, the Court DENIES the government's motion, and GRANTS the defendant's motion.

**1.    Motion to Quash.**

The government argues that it has standing to move to quash these subpoenas because they "were issued for an improper fishing expedition and, if enforced, would undermine well-established rules and laws relating to criminal discovery and disclosures." Government's Opposition to Defendant's Motion to Compel and Cross-Motion to Quash Subpoenas ("Gov.'s Mot.") at 4. It contends that it has a legitimate interest in ensuring that defendants do not abuse Rule 17(c), and that these subpoenas infringe upon that legitimate interest. *Id.* These contentions do not satisfy the government's burden to demonstrate that it has standing.

Courts recognize that the government may have standing to move to quash a subpoena if it seeks privileged material or material in which the government has a proprietary interest, or if production of the subpoenaed material might unduly lengthen the trial, harass a witness, or cause too much emphasis to be placed on a witness's credibility. *See Raineri*, 670 F.2d at 712; *Tomison*, 969 F. Supp. at 596; *see*

3

*also United States v. Nachamie*, 91 F. Supp. 2d 552, 560 (S.D.N.Y. 2000) (noting that, even if the government invokes these grounds for standing, they "cannot be applied uncritically"). The government does not assert that any of the accepted grounds for standing apply in this case. Gov.'s Mot. at 4. Instead, the government argues that it has an interest in ensuring that defendants properly comply with Federal Rule of Criminal Procedure 17(c). *Id.* This is not a legitimate interest that would confer standing upon the government.

The government cites to several cases in which courts found that the government had standing to move to quash subpoenas. All of these cases are inapposite. *See United States v. Lin*, No. 1:12-CR-00012-1, 2012 WL 6026500, at *1 (D.N. Mar. I. Dec. 4, 2012) (finding standing where government had a legitimate interest in preventing the defendant from harassing victims); *United States v. Washington*, No. CR 11-61-M-DLC, 2012 WL 3061519, at *1 n.1 (D. Mont. July 26, 2012) (finding standing where the subpoena sought to compel the Attorney General to appear and testify at a hearing); *United States v. Ail*, No. CR 05-325-RE, 2007 WL 1229415, at *4 (D. Or. Apr. 24, 2007) (finding standing where the challenged subpoenas were served directly on the U.S. Attorney and sought information related to government informants); *United States v. Giampa*, No. S 92 Cr. 437 (PKL), 1992 WL 296440, at *1 (S.D.N.Y. Oct. 7, 1992) (finding standing where the subpoenas sought financial statements from a potential witness, his wife, and his son). In each of the above cases, the government articulated a recognized legitimate interest, upon which the challenged subpoenas infringed. By contrast, here, the government merely asserts that it has a legitimate interest in policing the defendant's compliance with the rules governing criminal discovery. This argument finds no support in the law, and it therefore must fail.

Accordingly, because the Court finds that the government lacks standing to move to quash the subpoenas, the Court DENIES the government's motion to quash.

**2.     Motion to Compel Compliance.**

The defendant asks the Court to order the Hemisphere Project to comply with the previously issued subpoenas. The Court is satisfied that the defendant's ex parte, under seal subpoena application meets the standard set forth in *Nixon*, articulated above. *See* 418 U.S. at 699-700. Therefore, the Court

4

GRANTS the defendant's motion to compel compliance and ORDERS the Hemisphere Project to comply with the subpoenas.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby DENIES the government's motion to quash, GRANTS the defendant's motion to compel, and ORDERS the Hemisphere Project to comply with the subpoenas. This Order resolves Docket Nos. 820 and 832.

**IT IS SO ORDERED.**

Dated: December 27, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE