ORIGINAL

RYAN T. MRAZIK, Wash. Bar No. 40526
(*pro hac vice application to be filed*)
RMrazik@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98119
Telephone: 206.359.8098
Facsimile: 206.359.9098

KEVAN FORNASERO, Bar No. 274943
KFornasero@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Non-Party
METROPCS COMMUNICATIONS, INC.

FILED
JAN 1 4 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>               Plaintiff,<br><br>v.<br><br>JOSEPH ORTIZ, ET AL.,<br><br>               Defendants. | Case No. 3:12-cr-00119-SI-3<br><br>**NON-PARTY METROPCS COMMUNICATIONS, INC.'S RESPONSE TO SECOND MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS DUCES TECUM**<br><br>Date: February 7, 2014<br>Time: 11:00 AM<br>Judge: Hon. Susan Illston |

## I. INTRODUCTION

MetroPCS Communications, Inc. ("MetroPCS")[1] received a subpoena from defendant Justin Whipple. It sought copies of MetroPCS's communications, records, and productions for wiretap interception orders and pen register and trap and trace ("PR/TT") installations received from six federal and state governmental agencies for 11 telephone numbers.

---

[1] The current corporate entity for MetroPCS Communications, Inc. is T-Mobile U.S. Inc.

METROPCS COMMUNICATIONS, INC.'S RESPONSE TO SECOND MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS DUCES TECUM
CASE NO. 3:12-cr-00119-SI-3

State and federal electronic surveillance laws, and court orders issued to MetroPCS pursuant to these statutes, prohibit MetroPCS from disclosing the requested information or from confirming that specific orders were received or implemented or that responsive information was produced. Accordingly, MetroPCS may not disclose surveillance orders or derivative information such as communications between the agency and MetroPCS that confirm that the orders exist.

Defendant is not without access to the information he seeks, however. Indeed, he can seek the information directly from the six governmental agencies listed in his subpoena. MetroPCS takes no position as to any disclosure obligations of the government in general or these agencies. It simply requests that the Court deny Defendant's motion to compel MetroPCS to produce.

## II. FACTS

MetroPCS received a subpoena dated December 18, 2013 from Defendant seeking:

> "(1) Copies of all correspondence generated, by either party, from April 25, 2011 through May 10, 2011, between employees of your company and representatives of the San Mateo County District Attorney; the Daly City Police Department; the South San Francisco Policy Department; the U.S. Department of Justice, San Francisco Filed [sic] Office; the California Department of Justice; or the California Electronic Intercept Court Order System, regarding wiretap interception orders" for 11 telephone numbers; and
>
> "(2) Copies of all records generated and preserved in any way concerning initiation of interception, termination of interception, or changes in interception parameters concerning" 11 telephone numbers. "This request includes, but is not limited to, work orders, stored computer records, stored cell phone network records, 'data dumps,' deliveries of data over network portals, historical data, call detail records, GPS information, dialed digit information, dialed digit extraction information, post cut-through digits, cell site data, cell site location data, GPS data, call progress locations (automated message accounting data) connected to the user of each target telephone numbers [sic], authorizations concerning the installation and or use of equipment known as dialed recorders, authorization or installation and/or use of equipment to trap and trace and identify the telephone numbers, and any other data delivered to law enforcement in any format."

(Decl. of Ryan T. Mrazik Supp. Non-Party MetroPCS Commc'ns, Inc.'s Resp. to Second Mot. to Compel Compliance with Subpoenas Duces Tecum ("Mrazik Decl."), Ex. A.) MetroPCS objected on December 31, 2013 because, among other reasons, the subpoena sought information regarding government electronic surveillance and legal process that MetroPCS was prohibited by

law from producing, was subject to non-disclosure obligations, and was available from the governmental agencies listed in the subpoena. (*Id.*, Ex. B.)

Defendant moved to compel MetroPCS to comply with his subpoena on January 7, 2013. (*See* Second Mot. to Compel Compliance with Subpoenas Duces Tecum (Dkt. 849) ("Motion").) In his Motion, Defendant did not address the arguments MetroPCS raised in its objection letter. (*Compare* Mrazik Decl. at Ex. B *with* Motion 1-3.) MetroPCS now opposes Defendant's Motion.

### III. ARGUMENT

**A. Federal and State Surveillance Statutes Prohibit MetroPCS from Disclosing the Existence of Real-Time Surveillance Orders or Authorizations.**

The subpoena seeks information that MetroPCS is prohibited by law from disclosing, therefore making the subpoena "unreasonable and oppressive" under Fed. R. Crim. P. 17. *See United States v. Vought*, 69 F.3d 1498, 1501-02 (9th Cir. 1995). The subpoena seeks MetroPCS's correspondence with six governmental agencies and copies of MetroPCS's records about "wiretap interception orders" and "initiation of interception, termination of interception, or changes in interception parameters" for 11 telephone numbers. (*See* Mrazik Decl., Ex. A.)

Under federal law, the Wiretap Act, 18 U.S.C. §§ 2510, *et seq.*, requires service providers such as MetroPCS to keep the existence of wiretap orders they receive confidential:

> "No provider of wire or electronic communication service, officer, employee, or agent thereof, or landlord, custodian, or other specified person shall disclose the existence of any interception or surveillance or the device used to accomplish the interception or surveillance with respect to which the person has been furnished a court order or certification under this chapter . . . ."

18 U.S.C. § 2511(2)(a)(ii). This statutory prohibition on disclosing information about wiretap orders is plain, and MetroPCS can be subject to civil liability for violating it. *Id.* ("Any such disclosure, shall render such person liable for the civil damages provided for in section 2520.").

Federal law also requires service providers such as MetroPCS to keep information that would reveal the existence of the installation of a PR/TT confidential. By statute, an order authorizing installation of a PR/TT must provide that:

3

> "(1) the order be sealed until otherwise ordered by the court; and
>
> (2) the person owning or leasing the line or other facility to which the pen register or a trap and trace device is attached, or applied, or who is obligated by the order to provide assistance to the applicant, not disclose the existence of the pen register or trap and trace device or the existence of the investigation to the listed subscriber, or to any other person, unless or until otherwise ordered by the court."

18 U.S.C. § 3123(d)(1), (2). As under the Wiretap Act, MetroPCS is prohibited from disclosing information that would reveal the existence of a PR/TT installation. *Id.*[2] Under the plain language of these statutes, MetroPCS may not disclose the information Defendant seeks.

Similarly, California law (which may be relevant given the agencies and telephone numbers identified in the subpoena) provides that wiretap orders are sealed. *See* CAL. PENAL CODE § 629.66. Violating a sealing order carries potential penalties for contempt. *See, e.g.,* CAL. CIV. PROC. CODE § 1209. Therefore, the confidentiality obligations for wiretap orders in California are similar to those in federal law. (California does not have a PR/TT statute.)

To be sure, the federal Wiretap Act appears to permit disclosure of wiretap information when "otherwise ... required by legal process." 18 U.S.C. § 2511(2)(a)(ii). But this may occur "only after prior notification to the Attorney General or to the principal prosecuting attorney of a State or any political subdivision of a State, as may be appropriate." *Id.*; *cf. Hepting v. AT&T Corp.*, 2006 WL 1581965, at *2 (N.D. Cal. June 6, 2006) (holding that the government's state secrets assertion foreclosed the potential use of legal process to compel AT&T to produce information about a Wiretap Act certification). MetroPCS finds no authority that this provision was intended to apply to criminal defense subpoenas and is unaware that the required notice has been given. The federal PR/TT statute also allows for disclosure, but only when the court that authorized the PR/TT orders it. *See* 18 U.S.C. § 3123(d)(1). Again, there is no indication this

---

[2] Although the focus of Defendant's subpoena is real-time surveillance, its scope arguably encompasses legal process targeting historical or stored records. To that extent, legal process for historical records can be subject to non-disclosure obligations under court order, non-notification language, obstruction of justice statutes, or other laws. *See, e.g.,* 18 U.S.C. § 2705(b). In any event, the governmental agencies named in the subpoena are in the best position to evaluate requests for information about legal process they issued, correspondence with the providers, and records received in response.

4

METROPCS COMMUNICATIONS, INC.'S RESPONSE TO SECOND MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS DUCES TECUM
CASE NO. 3:12-cr-00119-SI-3

exception was intended to allow a criminal defendant to subpoena information about the government's surveillance of him, or that the exception's requirements have been met. Finally, California law allows for disclosure of wiretap applications and orders but only upon a showing of good cause before a judge, or by the prosecution in a criminal proceeding. CAL. PENAL CODE § 629.66. As before, there is no indication this exception applies or has been met here.

Additionally, even if these statutory exceptions apply here and their conditions had been met, it is unnecessary for MetroPCS, a nonparty service provider with no stake in this matter, to assume the risk of making a wrongful disclosure when the governmental agencies that obtained the legal process can make the same disclosure without the accompanying legal risk.

At bottom, Defendant's requests to MetroPCS—for correspondence, records generated or preserved, and copies of productions—would, if allowed to proceed, put MetroPCS in an impossible position. On one hand, MetroPCS would face a statutory prohibition or sealing order that prohibits it from disclosing any information regarding a wiretap order or PR/TT installation and, on the other, it would face this Court's order that it do so. The Court should therefore deny Defendant's motion to compel and request for an order to show cause.

**B.      The Information Is Available from the Governmental Agencies in the Subpoena.**

The means for discovery consistent with federal and state law is for Defendant to seek information about the six governmental agencies' electronic surveillance orders from the agencies themselves. These agencies will have their legal process, correspondence with providers, and copies of records received. And, as the agencies that sought and obtained any wiretap orders or PR/TT authorizations, they can evaluate Defendant's request in light of any ongoing needs for confidentiality or seek relief from statutory or court-imposed non-disclosure obligations. *See* 18 U.S.C. §§ 2518(8)(d), 3123(d)(2); CAL. PENAL CODE §§ 629.66, 629.68, 629.70. Nonparty MetroPCS is not in a position to do either. The Defendant can therefore obtain the information he seeks without implicating the federal and state law prohibitions that apply to MetroPCS, all while ensuring protection of his Sixth Amendment rights, as he argues. Having this avenue available to him weighs further in favor of denying his present motion to compel.
5
METROPCS COMMUNICATIONS, INC.'S RESPONSE TO SECOND MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS DUCES TECUM
CASE NO. 3:12-cr-00119-SI-3

### IV. Conclusion

For the reasons above, MetroPCS requests that the Court deny Defendant's motion to compel and request for an order to show cause regarding MetroPCS's compliance.

DATED: January 14, 2014

PERKINS COIE LLP

By: /s/ Kevan Fornasero
Kevan Fornasero

Attorneys for Non-Party
METROPCS COMMUNICATIONS, INC.