United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUSTIN WHIPPLE, et al.,

    Defendants.

No. C 12-00119 SI

**ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM**

On February 7, 2014, the Court heard oral argument on defendant Justin Whipple's motion to compel compliance with the Court's previously ordered subpoena duces tecum. Having considered the arguments of counsel and the papers submitted, the Court GRANTS the defendant's motion to compel.

**BACKGROUND**

On October 9, 2013, defendant Justin Whipple filed an application with the Court, seeking a subpoena duces tecum directed to, among others, third party MetroPCS Communications, Inc. ("MetroPCS"). On October 10, 2013, the Court approved the subpoena application. On December 18, 2013, the subpoena was served on MetroPCS.[1] The subpoena sought:

---

[1] An earlier version of this subpoena, containing an incorrect date range, was served on Metro PCS. The version served on December 18, 2013, contained the correct dates as reflected in the Court's October 10, 2013, Order.

(1) Copies of all correspondence generated, by either party, from April 25, 2011, through May 10, 2011, between employees of your company and representatives of the San Mateo County District Attorney; the Daly City Police Department; the South San Francisco Police Department; the U.S. Department of Justice, San Francisco Filed [sic] Office; the California Department of Justice; or the California Electronic Intercept Court Order System, regarding wiretap interception orders for the following phone lines:

. . . .

(2) Copies of all records generated and preserved in any way concerning initiation of interception, termination of Interception, or changes in interception parameters concerning telephone numbers: . . . between April 25, 2011 and May 10, 2011. This request includes, but is not limited to, work orders, stored computer records, stored cell phone network records, "data dumps, "deliveries of data over network portals, historical data, call detail records, GPS information, dialed digit information, dialed digit extraction information, post cut-through digits, cell site data, cell site location data, GPS data, call progress locations (automated message accounting data) connected to the use of each target telephone numbers, authorizations concerning the installation and or use of equipment known as dialed recorders, authorization or installation and/or use of equipment to trap and trace and identify the telephone numbers, and any other data delivered to law enforcement in any format.

Declaration of Ryan T. Mrazik in Support of Non-Party MetroPCS Communications, Inc.'s Response to Second Motion to Compel Compliance with Subpoenas Duces Tecum, Ex. A. On December 31, 2013, counsel for MetroPCS contacted defense counsel, objecting to the subpoena. *Id.* Ex. B. On January 7, 2014, defendant Whipple, joined by codefendants Victor Flores, Benjamin Campos-Gonzalez, and Armando Acosta, filed the instant motion to compel compliance with the subpoena.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 17(c) permits a party to move the Court for a subpoena to compel the production of witnesses, documents, or objects. The party seeking the subpoena must demonstrate that: (1) the documents sought are evidentiary and relevant; (2) the party seeking them could not otherwise obtain them reasonably in advance of trial through the exercise of due diligence; (3) the party would be unable to properly prepare for trial in the absence of the documents, and failure to produce them in advance might unreasonably delay trial; and (4) the party is making the application in good faith, and not as part of a "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699 (1974).

**DISCUSSION**

The defendants now move for an order compelling MetroPCS to comply with the previously issued subpoena duces tecum. MetroPCS opposes the motion.

The Court is satisfied that the defendants' ex parte, under seal subpoena application meets the standard set forth in *Nixon*, articulated above. *See* 418 U.S. at 699-700. However, MetroPCS contends that the subpoena is unreasonable and oppressive under Federal Rule of Criminal Procedure 17, because it seeks information that MetroPCS is statutorily prohibited from revealing. MetroPCS asserts that, should the Court order it to comply with the subpoena, it would be placed in the "impossible position" of facing a statutory prohibition and potential civil liability on one hand, and disobeying a court order on the other hand. Non-Party MetroPCS Communications, Inc.'s Response to Second Motion to Compel Compliance with Subpoenas Duces Tecum at 5.

The Wiretap Act requires communication service providers to keep the existence of interception and surveillance orders, and the means by which they are accomplished, confidential. 18 U.S.C. § 2511(2)(a)(ii). If this confidentiality is breached, the provider may face civil liability. *Id.* However, no provider can face liability in any court for providing information pursuant to a court order. *Id.* ("No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, or agents, landlord, custodian, or other specified person for providing information, facilities, or assistance in accordance with the terms of a court order, statutory authorization, or certification under this chapter."). Similar law applies to disclosing the existence of pen registers and trap and trace installations. *See* 18 U.S.C. § 3123(d) (mandating confidentiality "unless or until otherwise ordered by the court").

It is not the Court's intention to subject MetroPCS to potential civil liability. However, by the plain terms of the applicable statutes, MetroPCS cannot be civilly liable for complying with a court order to disclose the information the defendants seek. *See* 18 U.S.C. § 2511(2)(a)(ii). As noted above, the Court is satisfied that the defendants have made a sufficient showing under *Nixon*. *See* 418 U.S. at 699-700. Accordingly, the Court GRANTS the defendants' motion to compel compliance with the subpoena, and ORDERS MetroPCS to produce the requested information.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby GRANTS the defendants' motion, and ORDERS MetroPCS to comply with the subpoena. This Order resolves Docket No. 849.

**IT IS SO ORDERED.**

Dated: February 10, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE