STUART HANLON, SBN: 66104
SARA RIEF, SBN: 227279
LAW OFFICES OF STUART HANLON
179 - 11th Street, 2nd Floor
San Francisco, California 94103
(415) 864-5600

Attorney for Defendant
BENJAMIN CAMPOS-GONZALEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BENJAMIN CAMPOS-GONZALEZ, <br><br> Defendant. | No. CR12-00119 SI <br><br> **DEFENDANT BENJAMIN CAMPOS-GONZALEZ'S TRIAL MEMORANDUM FOR PRETRIAL CONFERENCE** <br><br> Date: March 18, 2014 <br> Time: 2:00 pm <br> Ctrm: Hon. Susan Illston |

Defendant Benjamin Campos-Gonzalez, through counsel, submits this trial memorandum pursuant to the Court's standing order for submitting a trial memorandum before the pretrial conference in this case, which is scheduled for March 18, 2014 at 2 p.m. The jury selection process for the trial begins on March 31, 2014, and trial testimony is scheduled to begin on April 7, 2014.

1. **Defense Witness List**

The defendant has not yet determined if witnesses will be called by the defense or if there will be a defense case, so it would be inappropriate to provide prior statements of witnesses at this time.

2. **Jury Voir Dire and Verdict Forms**

The parties have agreed upon and submitted the proposed jury instructions to this Court.

1

A special verdict form is being prepared by defense counsel.

3. **Jury Instructions**

At this time, no additional instructions are proposed outside of the standard jury instructions given by this Court.

4. **Anticipated Legal Issues at Trial**

The defendant may file motions in limine related to the government's witnesses and/or the government's exhibits although neither list has been provided by the government as of the writing of this memorandum.

As stated in court in on March 10, 2014, defense counsel will file all defense in limine motions by March 19, 2014. Defense counsel has sent a preliminary list of these motions to the government.

Attached hereto is a status statement related to the issues surrounding the Defendant's *Franks* motion. As this Court is aware, counsel for the defendants have been diligently trying to obtain records in order to file this motion. The attached status statement provides an update as to the necessary documents and outstanding issues still needed before this motion can be filed.

5. **Witness and Exhibit Lists**

At this time, the defendant has not determined if there is a need for defense witnesses as noted in paragraph 1 above. If defense counsel determines the need for such witnesses, counsel will promptly comply with all of his obligations. Consistent with the defendant's Sixth Amendment right to effective assistance of counsel, defense counsel respectfully declines to provide a list of exhibits that may be introduced during cross-examination of prosecution witness during the government's case-in-chief.

Dated: March 13, 2014         /s/Stuart Hanlon
                              Attorney for Campos-Gonzalez

2

# ATTACHMENT
# SDT STATUS STATEMENT

STUART HANLON, SBN: 66104
SARA RIEF, SBN: 227279
LAW OFFICES OF STUART HANLON
179 - 11th Street, 2nd Floor
San Francisco, California 94103
(415) 864-5600

Attorney for Defendant
BENJAMIN CAMPOS-GONZALEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BENJAMIN CAMPOS-GONZALEZ, <br><br> Defendant. | No. CR12-00119 SI <br><br> **SUBPOENA DUCES TECUM STATUS STATEMENT** |

  In December of 2013, the defense served subpoenas duces tecum of numerous cell phone service providers. These subpoenas called for the production of records related to the government's use of two different wiretap orders that were submitted to the state courts. One version of the order described the target phones by their ESNs, while the other order did not.

  Both AT&T Wireless and Metro PCS initially refused to comply with the subpoenas, but also refused to bring timely motions to quash. This forced the defendants to bring a motion to compel, at which point Metro PCS filed an opposition. The Court granted the motion to compel and AT&T agreed to comply. However, Metro PCS still refused to comply.

  Metro PCS has since informed defendants that the company will not comply with the subpoena, or the Court;s order on the motion to compel, based on their contention that a state court sealing order prevents them from complying. In response, defendants forwarded to counsel

1

for Metro PCS (Perkins Coie in Seattle) a copy of the state court order unsealing the wiretap orders in this case. Defendants also informed Metro PCS that if they did not produce the records in question by close of business on March 14, 2014, defendants will seek an OSC re contempt.

AT&T recently complied with the subpoena. The documents they produced indicated the government had misled the defense and the Court when it represented that the May 4 wiretap order was the order the government used to initiate the tap. The AT&T documents clearly show that the government utilized the April 29 order, and that the tap was initiated before the May 4 order was even presented to the state court.

In response to these revelations by AT&T, defendants have applied to the Court for an order authorizing subpoenas duces tecum for production of records of the subscribers to the ESNs that were listed in the April 29 order. The Court has not yet acted on this application.

Enforcement of the Metro PCS subpoena and production of the ESN records sought in the next round of subpoenas are necessary predicates to defendants' motion to suppress wiretap evidence under Franks. Defendants contend the records will reveal that the government did not use the May 4 order to initiate the taps, and that the the ESNs listed in the April 29 order, which were deleted from the May 4 order were wrong and that the order therefore lacked particularity.

Unfortunately, defendants' efforts to investigate this *Franks* issue have been delayed by two unfortunate developments.

First, the government misled defendants by repeatedly asserting that the April 29 order had never been delivered to the service providers. This falsehood on the government's part began more than a year ago, when the defense first inquired as to why there were two versions of the May 4 order in the discovery. The government then reinforced its false position when it filed its opposition to defendants motion to suppress for facial deficiencies in the wiretap applications and order. In that pleading, the government again assured the defense and the Court that the April 29 order had not been delivered to the phone companies. The defense therefore did not proceed with investigation of the ESNs based on the government's false representation that the order that included the ESNs had never been used.

2

Next, the intransigence of the cell phone companies has caused considerable delay. Rather than replying to the subpoenas with a timely motion to quash that raised all of their objections, Metro PCS has stalled and then raised baseless objections ad seriatim. AT&T, on the other hand, simply refused for months to comply, then ultimately complied without sufficient (in defendants view) explanation for the delay.

Dated: March 13, 2014  /s/ Stuart Hanlon, Attorney for Campos-Gonzalez

3