IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>VICTOR FLORES, BENJAMIN CAMPOS-GONZALES and MARIO BERGREN,<br><br>    Defendants.<br>                                      / | No. CR 12-0119 SI<br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

On March 18, 2014, the Court held a final pretrial conference in the above captioned matter, which is set for jury selection beginning April 1, 2014. All parties were represented by counsel. The following matters were resolved:

1. **Trial schedule**: The government expects that the case will take two months to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 9:00 a.m. until 4:00 p.m., with a 15 minute break at 10:30 a.m., a 30 minute break at noon and a 15 minute break at 2:00 p.m., all times approximate. The Court will be unavailable at certain times during the trial period. The trial days will therefor be as follows:

    April 7, 8, 9 and 10, 2014
    April 14, 15, 16 and 17, 2014
    April 21, 22, 23 and 24, 2014
    April 28 and 29, 2014
    May 12, 13, 14 and 15, 2014
    May 19, 20, 21 and 22, 2014
    May 26, 27, 28 and 29, 2014
    June 2, 3, 4 and 5, 2014
    June 9 and 10, 2014.

The Court will be unavailable from June 11 - June 20, 2014. Should the trial go longer than counsel currently expect, it will resume June 23, 2014.

**2.** **Number of jurors and challenges**: There shall be a jury of twelve members, plus five alternate jurors. The government shall have six peremptory challenges, the defendants collectively shall have ten peremptory challenges, and, for the alternates, the government shall have three additional peremptory challenges and defendants collectively shall have three additional peremptory challenges.

**3.** **Voir dire**: The court will conduct general voir dire, and counsel for each party shall have up to 20 minutes total to question the panel. Sufficient copies of the agreed-upon jury questionnaire will be provided by the government to the jury office on Friday, March 28, 2014. The potential jurors will complete the questionnaires on Monday, March 31, 2014. Counsel will copy and distribute the completed questionnaires on March 31, 2014. Jury selection will commence at 9:00 a.m. on Tuesday, April 1, 2014.

**4.** **Jury instructions**: The Court received proposed jury instructions from the government. Defendants are reviewing them, and an instruction conference will be conducted at a later point prior to closing argument. **Counsel are directed to meet and confer on an agreed statement of the case which can be read to the jury panel during voir dire, and on brief preliminary substantive instructions which can be read at the commencement of the trial.**

5. **Trial exhibits**: No later than April 4, 2014, the government shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

6. **Motions in limine**: The parties have filed various motions in limine, all of which were discussed at the pretrial conference. The Court rules as follows:

**1.** **Government's Motion to Preclude Use of Extrinsic Evidence for Impeachment.** GRANTED, although the defendants may still impeach by contradiction if specific extrinsic evidence directly contradicts a statement a witness makes on direct examination.

**2. Government's Motion to Consider Evidence Already Before It When Determining Admissibility.** The Court DEFERS RULING on this motion, unless and until the issue arises at trial.

**3. Government's Motion to Admit Cooperation Agreements.** The Court DEFERS RULING on this motion pending the defendants' responses.

**4. Government's Motion for a Proffer of a Good Faith Basis Before *Henthorn*-Type Questioning of Law Enforcement Officers.** GRANTED.

**5. Government's Motion to Require an Evidentiary Basis for Affirmative Defenses.** GRANTED.

**6. Government's Motion to Require an Evidentiary Basis for Claims That a Third Party Committed a Crime or Act.** DENIED, without prejudice to a renewal at trial.

**7. Government's Motion to Preclude Defendants From Arguing Negative Inferences Based on the Absence of Particular Types of Evidence or Testing.** DENIED, without prejudice to a renewal at trial.

**8. Government's Motion to Preclude Defendants from Introducing Information not in Evidence.** GRANTED, as to both the defendants and the government.

**9. Government's Motion for a Ruling that Rule 404(b) does not Bar Any Evidence in this Case.** GRANTED, without prejudice to defendants' objection to specific evidence at trial.

**10. Government's Motion to Admit Prior Convictions for Impeachment.** The

3

Court DEFERS RULING on this motion, unless and until the matter arises at trial.

**11.     Government's Motion to Preclude the Defendants from Referencing Punishment.** GRANTED as to the defendants' potential punishments if found guilty. The defendants, however, will be permitted to question cooperating witnesses as to the punishments they may face pursuant to past or pending guilty pleas, to allow the jury to evaluate credibility and bias.

**12.     Government's Motion to Preclude Defendants from Using Materials That Were Not Timely Produced Pursuant to Rule 16(b).** DENIED, without prejudice to a renewal of the objection if the defendants attempt to introduce such evidence at trial.

**13.     Bergren's Motion to Dismiss the Indictment for Bad Faith Destruction of Exculpatory Evidence.** DENIED because the defendant cannot meet his burden of demonstrating that the destroyed evidence "possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [was] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489 (1984).

**14.     Bergren's Motion to Dismiss the Indictment Due to Misconduct Before the Grand Jury.** DENIED. The defendant cannot demonstrate that the complained of testimony was perjurious or that it constituted misconduct.

**15.     Bergren's Motion to Exclude Mention of Bergren's Registration as a Gang Participant.** DENIED AS MOOT, without prejudice to renewal at trial. The government represents that it will not seek to introduce this evidence except perhaps on rebuttal if the defendant opens the door by making contrary assertions.

**16.     Bergren's Motion to Exclude Evidence of Prior Convictions.** GRANTED IN PART, as to Bergren's prior misdemeanor conviction. The Court DEFERS RULING on the felony

conviction, as noted above in response to government's motion #10.

**17. Bergren's Motion to Exclude the Testimony of the Government's Gang Expert.** The Court DEFERS RULING on this motion due to defendants' request to respond to the government's filings.[1]

**18. Bergren's Motion to Strike the Indictment's Introductory Allegations.** DENIED. The Court does not anticipate reading or providing the indictment to the jury.

**IT IS SO ORDERED.**

Dated: March 20, 2014

_____
SUSAN ILLSTON
United States District Judge

---

[1] The Court also DEFERS RULING on the related motions brought by defendants Flores and Campos-Gonzalez, for the same reason.