MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

ACADIA L. SENESE (CABN 251287)
STEPHEN J. MEYER (CABN 263954)
ANDREW M. SCOBLE (CABN 124940)
W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6758
   Facsimile: (415) 436-6753
   E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>   v. )<br>)<br>VICTOR FLORES and )<br>BENJAMIN CAMPOS-GONZALEZ, )<br>)<br>)<br>   Defendants. )<br>)<br>_____) | No. CR-12-0119-SI<br><br>GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE FOR HEARING TO DETERMINE ADMISSIBILITY OF COCONSPIRATOR STATEMENTS (DOCKET #964) |

**I.   Introduction**

     The Government respectfully submits this response to the motion *in limine* of defendants Victor Flores and Benjamin Campos seeking a pre-trial discovery of all coconspirator statements under Fed. R. Evid. 801(d)(2)(E) and a pre-trial hearing to determine their admissibility. (Docket #964). For the following reasons, this motion should be denied in its entirety.

**II.   Discussion**

     Rule 801(d)(2)(E) of the Federal Rules of Evidence excepts from the definition of hearsay any statement offered against a party opponent that was "made by the party's coconspirator during and in

1

furtherance of the conspiracy." To qualify as a coconspirator statement under Rule 801(d)(2)(E), the Government must show, "by preponderance of the evidence that (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; (3) the statement was made 'in furtherance of' the conspiracy." *United States v. Larson*, 460 F.3d 1200, 1211 (9th Cir. 2006). In addition,

> [w]hen determining whether there is sufficient evidence to satisfy Rule 104(b), the court is not required to make any preliminary finding that the government has proved the conditional fact. [citing *Huddleston v. United States*, 485 U.S. 681, 690]. Instead, "[t]he court simply examines all the evidence in the case and decides *whether the jury could reasonably find the conditional fact . . .* by a preponderance of the evidence." *Id.*

*United States v. Norris*, 428 F.3d 907, 914 (9th Cir. 2005) (emphasis added).

The Supreme Court has held that in making a preliminary factual determination under Rule 104(b) to determine the admissibility of a coconspirator statement, a trial court may consider "any evidence whatsoever," except for privileged information, and "receive the evidence and give it such weight as his judgment and experience counsel." *Bourjaily v. United States*, 483 U.S. 171, 178 (1987); see *United States v. Brewer*, 947 F.2d 404, 409 (9th Cir. 1991) ("[i]n determining whether the Government established the existence of a conspiracy for the purpose of Fed. R. Evid. 801(d)(2)(E), Rule 104 'on its face allows the trial judge to consider any evidence whatsoever, bound only by the rules of privilege.' *Bourjaily v. United States*, 483 U.S. 171, 178 (1987)"). As part of this Rule 104 inquiry, the trial court may consider the disputed coconspirator statement itself along with other evidence. *See Bourjaily*, 483 U.S. at 181.

There is no requirement under Rule 801(d)(2)(E) that the defendant against whom the statement is offered must have been a member of the conspiracy at the same time the statement was made. Coconspirator statements made prior to a defendant's participation in a conspiracy are admissible against the defendant. *See*, *e.g.*, *United States v. Gypsum Co.*, 333 U.S. 364, 393 (1948) ("declarations and acts of various members, even though made or done prior to the adherence of some . . . become admissible against all"); *United States v. Anderson*, 532 F.2d 1218, 1230 (9th Cir. 1976) ("Statements of a coconspirator are not hearsay even if made prior to the entry of the conspiracy by the party against whom [the statements are] used"), *cited in United States v. Segura-Gallegos*, 41 F.3d 1266, 1272 (9th Cir. 1994); *United States v. Brown*, 943 F.2d 1246, 1255 (9th Cir. 1991) ("The prevailing view among

the circuits is that previous statements made by co-conspirators are admissible against a defendant who subsequently joins the conspiracy. We join in that holding. The fact that appellant may have joined the conspiracy after its inception does not make his co-conspirators' previous statements inadmissible.") (citations from First, Second, Third, Fourth, Fifth, Seventh, Eighth, and Eleventh Circuits, and citation to *Anderson*, omitted).

Likewise, coconspirator statements made after a defendant's arrest and incarceration can still be admitted against him under Rule 801(d)(2)(E) because his membership in the conspiracy is deemed to continue absent affirmative evidence of withdrawal from a conspiracy. *See United States v. Jimenez Recio*, 537 U.S. 270, 274-77 (2003) (reiterating that a conspiracy is deemed to continue until there is affirmative evidence of abandonment, withdrawal, or disavowal, and reversing *United States v. Cruz*, 127 F.3d 791 (9th Cir. 1997), which provided for an additional ground for termination of a conspiracy).

Furthermore, a statement need not have been made to another conspirator in order to be admissible under Rule 801(d)(2)(E). *See*, *e.g.*, *United States v. Martinez*, 657 F.3d 811, 816-17 (9th Cir. 2011) ("Part of the evidence against Valenzuela was the statement of Raul Leon, a Mexican Mafia member incarcerated at Pelican Bay prison, made to another [non-conspirator] prisoner and referring to Barragan, 'He was saying he was a Carnal. So as soon as he got up there to the High Desert, I had his ass killed.' The statement was admissible as that of a coconspirator advancing the conspiracy's aim to maintain power in the prisons. Valenzuela's objection to admission of the statement is meritless. Valenzuela also objects to testimony of another [non-conspirator] inmate that Abarca told this inmate to spread the word to Pelican Bay that 'the job was done,' a message calculated to enhance the power of the conspiring [sic] and therefore also admissible under Rule 801(d)(2)(E).").

Moreover, statements can be made "in furtherance" of a conspiracy in a variety of ways:

> Statements made to induce enlistment or further participation in the group's activities are considered to be "in furtherance" of the conspiracy. Likewise, statements made to prompt further action on the part of conspirators are admissible under 801(d)(2)(E), as are those made to "reassure" members of a conspiracy's continued existence. Statements made to allay a coconspirator's fears are admissible. Most importantly, statements made to keep coconspirators abreast of an ongoing conspiracy's activities satisfy the "in furtherance" of requirement.

*United States v. Yarbrough*, 852 F.2d 1522, 1535-36 (9th Cir. 1988); *United States v. Crespo de Llano*, 838 F.2d 1006, 1017 (9th Cir. 1987) ("We have previously held that statements are in furtherance of the

3

conspiracy if they are made to keep a person abreast of the conspirators' activities, to induce continued participation in the conspiracy, or to allay fears."); *United States v. Eaglin*, 571 F.2d 1069, 1083 (9th Cir. 1977) (same). Thus, retrospective statements can still be "in furtherance" of a conspiracy. *See*, *e.g.*, *United States v. Bowman*, 215 F.3d 951, 961 (9th Cir. 2000) (holding that a conspirator's statements to his conspirator girlfriend stating that the defendant participated in past bank robberies were made in furtherance of the conspiracy because "Penney [the girlfriend] had to know Kirkpatrick [the defendant] was a bank robber in order to help him"); *United States v. Flores*, 572 F.3d 1254, 1264 (11th Cir. 2009) (holding that conspirator Sandoval's statements about a murder committed years before were made in furtherance of conspiracy and admissible under Rule 801(d)(2)(E): "Both Alamia and the witness who testified before him, Rodolfo Perez, stated that Sur-13 members who shot rival gang members were entitled to respect and high status in the gang. Because Sandoval's statements to Alamia served to inform Alamia about Flores's reliability and stature, and thus foster cohesiveness within the gang, these statements furthered the interests of the conspiracy. Thus, the district court did not abuse its discretion by admitting Alamia's testimony."); *United States v. Thai*, 29 F.3d 785, 813 (2d Cir. 1994) (holding that "[w]hile statements that are merely 'idle chatter' or that are 'entirely retrospective' are not in furtherance of the conspiracy, statements relating past events meet the in-furtherance test if they serve some current purpose in the conspiracy, such as to promote cohesiveness, or to provide reassurance to a coconspirator") (additional internal quotation marks, citations, and alterations omitted); *United States v. Maldonado-Rivera*, 922 F.2d 934, 958-59 (2d Cir. 1990) (holding that "statements that provide reassurance, or seek to induce a coconspirator's assistance, or serve to foster trust and cohesiveness, or inform each other as to the progress or status of the conspiracy" are in furtherance of a conspiracy under Fed. R. Evid. 801(d)(2)(E)).

In this case, the Government respectfully submits that there is no need for a pre-trial hearing in order to determine the admissibility of statements under Rule 801(d)(2)(E). As the Government noted in its *motions in limine*, the Court can consider any information when making its preliminary factual determination under Fed. R. Evid. 104, including the fact that numerous co-defendants have pled guilty in this case and have admitted to conspiring to conduct the affairs of the 500 Block/C Street Gang, thus, providing evidence of the existence of the conspiracy. The Government also anticipates that, as the trial

develops, there will be ample evidence that both defendants were members of this same conspiracy. Thus, the only inquiry left will be whether a particular statement offered under Rule 801(d)(2)(E) was made "in furtherance" of the conspiracy.

That inquiry, however, is best reserved for determination at trial, with the benefit of the trial record. The Government expects that whether a particular statement was made "in furtherance" of the conspiracy will be fairly obvious at the time it is offered. Of course, even if the answer to a particular "in furtherance" inquiry is not obvious, the coconspirator statement can still be provisionally admitted, subject to a further motion to strike. *See*, *e.g.*, *United States v. Loya*, 807 F.2d 1483, 1490 (9th Cir. 1987); *United States v. Zemak*, 634 F.2d 1159, 11169 (9th Cir. 1980); *United States v. Turner*, 528 F.2d 143, 162 (9th Cir. 1975). There is, thus, no need for a pre-trial hearing to determine the admissibility of coconspirator statements.

The defendants rely on two non-Ninth Circuit cases to support their claim for a hearing, *United States v. Kopituk*, 690 F.2d 1289 (11th Cir. 1982), and *United States v. James*, 590 F.2d 575 (5th Cir. 1978). They overstate the holding of *United States v. Kopituk*, 690 F.2d 1289 (11th Cir. 1982). In that decision, the Eleventh Circuit affirmed the admission of co-conspirator statements, which the district court apparently decided after a hearing. *See id*. at 1324. There is nothing in the opinion, however, indicating that the Eleventh Circuit suggested --- let alone endorsed or required --- that a trial court "should make a determination as to [co-conspirator statements'] admissibility before the statements are presented to the jury," as the defendants have stated.[1] Motion at 3.

The defendants' reliance on the Fifth Circuit's decision in *United States v. James*, 590 F.2d 575, 581-82 (5th Cir. 1978), is even more perplexing. In *James*, the Fifth Circuit revisited the procedure under which co-conspirator statements were admitted. It concluded that the trial court alone must make the preliminary finding of admissibility, and reversed its prior ruling in *United States v. Apollo*, 476 F.2d 156 (5th Cir. 1973), which called for the judge and the jury together to decide preliminary facts. *See id*. at 581-83. As with *Kopituk*, however, there is nothing in *James* that requires or even suggests that a trial

---

[1] In addition, *Kopituk* applied superseded law: the decision was handed down in 1982, before the Supreme Court decided *Bourjaily*, and the Eleventh Circuit conducted its analysis under the belief that the disputed statement itself could not be considered. *See id*. at 1325-26.

court conduct a pre-trial hearing to determine the admissibility of co-conspirator statements. It appears that the defendants cited to *James* only because *James* was cited in *Kopituk*. However, even the most cursory reading reveals that *James* --- in addition to being red flagged by Westlaw[2] --- does not support the defendants' claim for a hearing.

Finally, the defendants' demand for disclosure of all coconspirator statements is not only unsupported by law, it contradicts well established law. As an initial matter, the Government has already provided to the defendants with all the reports it has regarding statements made by its witnesses. Thus, any coconspirators statements made to these witnesses that have been memorialized have already been provided to the defendants.

In addition, all the authority that the Government has found has held that coconspirator statements are not subject to Rule 16 discovery. *See*, *e.g.*, Fed. R. Crim. P. 16(a) (setting forth materials subject to discovery and not mentioning coconspirator statements); *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992) (noting that "this court has refused to expand Rule 16 to include the statements of a co-conspirator") (citing cases); *United States v. Gaddis*, 877 F.2d 605, 610 (7th Cir. 1989) (rejecting claim that document containing co-conspirator statements was discoverable under Rule 16(a)(1)(A)); *United States v. Roberts*, 811 F.2d 257 (4th Cir. 1987) (*en banc*) (vacating Fourth Circuit panel decision and holding that Rule 16(a) does not allow for discovery of co-conspirator statements); *United States v. Percevault*, 490 F.2d 126, 130-31 (2d Cir. 1974) (reversing district court and holding that co-conspirator statements are not a defendant's statements and, thus, not encompassed by Rule 16(a)). As the Court of Appeals for the District of Columbia explained:

> We believe . . . that we are without authority to order such discovery [*i.e.*, production of co-conspirator statements, even where Government does not propose to put co-conspirator on the stand]. Nothing in the Federal Rules of Evidence or in the Jencks Act requires such disclosure — we think it clear that as used in Fed. R. Crim. P. 16(a)(1)(A) the phrase "statements made by the defendant" does not include statements made by co-conspirators of the defendant, even if those statements can be attributed to the defendant for purposes of the rule against hearsay. Once appellant's imaginative reading of 16(a)(1)(A) is rejected, no other authority is suggested for this type of discovery order.

---

[2] As with *Kopituk*, *Bourjaily* casts doubt on at least part of *James*: the *James* decision was decided before *Bourjaily*, and the framework *James* set forth provided that the disputed coconspirator statements themselves could not be considered when determining their admissibility under 801(d)(2)(E), contrary to *Bourjaily*.

. . . .

> We decline to extend the defendant's right to discovery beyond that required by statute or the Constitution. We note that this result is in agreement with every other circuit that has examined the question.

*United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988) (citing *United States v. Orr*, 825 F.2d 1537 (11th Cir. 1987); *Roberts*, 811 F.2d 257; *Percevault*, 490 F.2d 126); *United States v. Williams*, 792 F. Supp. 1120, 1127 (S.D. Indiana 1992) (holding that co-conspirator statements are not subject to discovery under Fed. R. Crim. P. 16(a) and that Jencks Act precludes court from exercising "inherent authority" to order production of such statements of Government witnesses). Furthermore, the Ninth Circuit has held that the Government has no obligation to create summaries of witness statements. *See*, *e.g.*, *United States v. Hoffman*, 794 F.2d 1429, 1432-33 (9th Cir. 1986) (reversing district court order requiring Government to summarize witness statements because it was beyond ambit of Fed. R. Evid. 16 and because "[t]he district court . . . may not order the government to memorialize and disclose statements made by prospective witnesses"); *United States v. Bernard*, 625 F.2d 854, 859 (9th Cir. 1980) (explaining "[d]escriptions of interviews with witnesses that are not 'substantially verbatim' are not discoverable under the Jencks Act. We cannot read into this requirement a further requirement that the government create such discoverable statements in the first instance. Nor can we find a constitutional basis for compelling the creation of such material under *Brady*."). Given this clear authority, the defendant's demand for disclosure of all coconspirator statements --- especially on the cusp of trial and because the defendants now have all the reports the Government has relating to witness statements --- should be denied.

**III.     Conclusion**

For all of the foregoing reasons, the defendants' motion should be denied.

Dated: March 21, 2014                    MELINDA HAAG
                                         United States Attorney

                                  By:          /s/
                                         ACADIA L. SENESE
                                         STEPHEN J. MEYER
                                         ANDREW M. SCOBLE
                                         W.S. WILSON LEUNG
                                         Assistant United States Attorneys