IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>VICTOR FLORES, et al.,<br><br>    Defendants.<br>_____/ | No. CR 12-00119 SI<br><br>**ORDER RE MOTIONS IN LIMINE**<br>**(Docket Nos. 963, 964, 994)** |

    Now before the Court are several motions in limine brought by defendants Mario Bergren, Benjamin Campos-Gonzalez, and Victor Flores. These motions were filed before the Court granted defendants' motion to continue the trial, originally scheduled to commence on March 31, 2014.

    The pending motions are as follows: (1) a motion by Flores and Campos-Gonzalez to prohibit the government from introducing the pleas, plea agreements, or convictions of co-defendants; (2) a motion by Flores and Campos-Gonzalez regarding co-conspirator statements; and (3) a multi-subject motion by Bergren.[1] The Court will address each in turn.

//

//

---

[1] In addition to the three motions in limine the Court addresses here, also pending are motions by all three defendants regarding the admissibility of the government's proposed gang expert's testimony, and the admissibility of evidence referencing California Penal Code's "criminal street gang" parlance. Dkt. Nos. 951, 994, 1026. Those motions have now been set for hearing on June 13, 2014.

**1. Motion to Prohibit Introduction of Pleas, Plea Agreements, or Convictions.**

This motion (Dkt. No. 963) is GRANTED. However, should any of the co-defendants testify, the Court will consider the admissibility of such evidence for purposes of impeachment.

**2. Motion Regarding Co-Conspirator Statements.**

Defendants move the Court for an order requiring the government to reveal all co-conspirator statements they intend to use at trial. Defendants further request that the Court hold a pre-trial hearing to determine the admissibility of the statements.

With respect to defendants' request that the government turn over all co-conspirator statements they intend to use at trial, the motion (Dkt. No. 964) is DENIED. The rules governing criminal discovery do not require that the government disclose this information. Moreover, the government avers that it has already provided the defendants with all statements co-conspirators are reported to have made to the government's witnesses. *See* Dkt. No. 972 at 6.

With respect to defendants' request for a pretrial hearing, the motion is DENIED, without prejudice to specific objections to specific questions or statements at time of trial. The Court finds that these matters are best reserved for case-by-case determination at trial.

**3. Bergren's Second Motion in Limine.[2]**

Bergren's second motion in limine (Dkt. No. 9904) encompasses several items of evidence the government proposes to introduce at trial. The Court will address each item individually.

   **A. Bergren's Brother's Facebook Photos.**

The government seeks to offer photos found on Bergren's brother's Facebook page as evidence of the existence of the charged racketeering conspiracy. The Court finds that the probative value of these photos is low, particularly given that Bergren's brother was not a defendant in this case. Moreover, the danger of confusion is high given that these are photos of Bergren's brother. The Court

---

[2] Bergren's motion also addresses the admissibility of the government's gang expert's testimony. As noted above, the Court will defer ruling on this issue until after the June 13, 2014 hearing.

1 finds that the probative value of these photos is substantially outweighed by unfair prejudice to the
2 defendant, and therefore GRANTS the motion and excludes these photos.

### B. Gang Graffiti.

The defendant challenges the admission of gang graffiti allegedly discovered by law enforcement in 2012 and 2013, after the defendants in this case had been indicted. The Court finds that this evidence is probative of the existence of the charged racketeering conspiracy and therefore DENIES the motion as to the graffiti.

### C. YouTube Rap Videos.

The defendant challenges the admission of rap videos posted on YouTube, some of the lyrics of which allude to the December 22, 2010 shooting involving Joseph Ortiz. The Court has been unable to view or listen to the questioned videos, and therefore DEFERS ruling on this issue until such time as the videos can be played.

### D. Bergren's Jail Calls.

With regard to the challenged jail calls, Bergren argues that their contents are not probative and they should therefore be excluded. He further contends that some portions contain personal material that should be excluded under Rule 403. The Court agrees with the government that portions of the jail calls are probative of the existence of the charged racketeering conspiracy and of Bergren's participation in the alleged conspiracy and therefore DENIES the motion to exclude all the jail calls.

However, the defendant's point that not all portions of the jail calls may be admissible is well taken. The Court intends to admit only those portions of the tapes that are relevant and admissible, and will consider any objections Bergren may have during trial on a statement-by-statement basis.

### E. Results of the August 6, 2010 Search of Gregorio Guzman's Residence.

The defendant contends that the narcotics and firearms seized during a search of former co-defendant and alleged co-conspirator Gregorio Guzman's residence should be excluded because there

is insufficient evidence that those items were gang-related. The government responds that, when determining the admissibility of this evidence, the Court may consider Guzman's plea agreement in which he admitted that he possessed these items as part of, and in furtherance of his gang activity. *See* Fed. R. Evid. 104. The Court DEFERS ruling on the admissibility of this evidence at this time.

### F. Evidence of Bergren's Prior Encounters with Police.

Finally, Bergren moves to exclude evidence of his various encounters with law enforcement officers in 2009 and 2010. He argues that these encounters do not prove that he was engaged in gang activity. The Court finds that this evidence is admissible as probative of Bergren's relationship to the charged racketeering conspiracy. The defendant's arguments to the contrary go to the weight of the evidence, not its admissibility, and the Court therefore DENIES the motion.

**IT IS SO ORDERED.**

Dated: June 2, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

4