MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

ACADIA L. SENESE (CABN 251287)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    acadia.senese@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>JUSTIN WHIPPLE,<br><br>    Defendant. | NO. CR 12-0119 SI<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>June 6, 2014 at 11:00 a.m.<br>Honorable Susan Illston |

### I.    Introduction

The defendant, Justin Whipple, pled guilty pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(A) and 11(c)(1)(B) to seven counts charged against him in the Second Superseding Indictment CR 12-0119-SI. This Court set June 6, 2014, at 11:00 a.m. as the date for judgment and sentencing. The defendant stands before the Court having pled guilty to, among other crimes, four attempted murders and using a firearm during and in relation to a crime of violence causing murder. The government submits the following sentencing memorandum in order to advise the Court of the government's Guidelines calculation and its sentencing recommendation. For the reasons set forth below, the government respectfully requests that the Court sentence the defendant to 192 months imprisonment.

1

## II. Guidelines Calculation

The parties have set forth their understanding of the applicable Guidelines calculation in the written plea agreement. *See* Plea Agt. ¶¶ 7, 8. The parties agree that the defendant's Combined Offense Level is 43. Id. The parties have not reached an agreement as to the defendant's Criminal History Category; however, the government does not dispute the Probation Department's calculation which states that the defendant has zero criminal history points, resulting in a Criminal History Category I. PSR ¶ 116.

## III. The Defendant's Criminal Conduct

The defendant is a violent gang member who participated in the racketeering activities -- including attempted murder -- of the 500 Block/C Street gang, a gang which claims allegiance to the *Nuestra Familia* prison gang. In the early evening of December 22, 2010, the defendant went hunting for rival gang members, specifically members of Cypress Park Locos ("CPL"), with his fellow 500 Block/C Street gang members. They drove around and were armed with guns. They went to Eighth Lane in South San Francisco, California in order to find rival gang members. They saw a group of suspected gang members walking down the street, and two members of the defendant's group shot at the victims. The defendant and his co-conspirators killed three victims (two of whom died at the scene and one who later died at the hospital) and wounded three others. The seventh victim was not hit by gunfire.

## IV. Discussion

### A. Applicable Sentencing Law

Under the current sentencing regime, the Court must sentence in accordance with the directions of 18 U.S.C. § 3553(a). Section 3553(a) provides that the sentencing "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection, "and then sets forth specific considerations, including: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; the defendant's need for rehabilitation; the kinds of sentences available; and the sentencing range under the Guidelines. 18 U.S.C. § 3553(a). On appellate review, a sentence is

reviewed for "unreasonableness" in light of these various factors. *United States v. Booker*, 543 U.S. 220, 260-62 (2005).

Although the Supreme Court's decision in *Booker* has rendered the Sentencing Guidelines advisory, the Guidelines still remain the "starting point and initial bench-mark" for sentencing. *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007) (internal quotation marks and citation omitted); *see United States v. Carty*, 520 F.3d 984, 991 (9th 2008) (*en banc*); *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011). While there is no presumption of reasonableness for a Guidelines range sentence, *see Carty*, 520 F.3d at 991-992, if a district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *see United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) ("A district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence.").

A defendant convicted of a racketeering violation can be sentenced for "any act, whether or not charged against defendant personally, that qualifies as a RICO predicate under 18 U.S.C. § 1961(1) and is otherwise relevant under [U.S.S.G.] § 1B1.3." *United States v. Carrozza*, 4 F.3d 70, 77 (1st Cir. 1993) (footnote omitted); *see* U.S.S.G. § 1B1.3(a)(1)(B) (defining relevant conduct for sentencing "in the case of jointly undertaken criminal activity"); *see, e.g.*, *United States v. Morales*, 655 F.3d 608, 636 (7th Cir. 2011) (affirming district court sentence that was based on acts of co-conspirators because "'each and every overt act of violence in connection with the Rico conspiracy, although perhaps not specifically agreed to by each and every defendant on every specific occasion, was nonetheless reasonably foreseeable to each and every defendant given the nature of their joint RICO enterprise.'")

**B.  A Sentence of 192 Months is Appropriate**

The defendant pled guilty to participating in a racketeering enterprise, four attempted murders, and using a firearm in relation to a crime of violence causing murder. The defendant chose to join a criminal enterprise, get into a car with fellow gang members, go hunting for rival gang members, and possess a loaded firearm while doing so. The government gives the defendant significant credit for the fact that he did not pull the trigger, but that single fact alone does not fully negate the very serious and

1 egregious conduct in which the defendant engaged. As a member of the 500 Block/C Street Gang, the
2 defendant chose to get into a car with fellow gang members, he chose to possess a loaded firearm, and
3 he chose to join his fellow gang members as they went on a hunting expedition into rival gang territory.
4 They drove around armed with guns looking for CPL members. When they found seven people walking
5 down the street, two members of the defendant's group gunned down the victims. Indeed, not only was
6 one person killed, but three. Three additional victims were shot and wounded. There is hardly more the
7 government needs say to underscore the severity of the defendant's conduct: he participated in a
8 criminal street gang that engaged in murder and violence. His participation in that enterprise ultimately
9 led to the defendant's own involvement in the triple homicide.

10 Most alarming of all, the defendant continued to participate in the 500 Block/C Street gang after
11 he very clearly understood that the gang committed murders. The defendant continued to associate not
12 only with fellow gang members, but with very violent ones, including Victor Flores, with whom the
13 defendant was in the car with the night of the triple homicide. For example, on April 30, 2011, the
14 defendant was once again in a car with Victor Flores and other gang members, and Victor Flores once
15 again had a loaded gun. The defendant demonstrated absolutely no intention of stopping his
16 participation in a very violent criminal enterprise. Indeed, the government believes that a sentence at the
17 high end of the bargained-for range is appropriate in this case because the defendant continued to engage
18 in gang-related conduct after the triple homicide. As such, the government agrees with Probation that a
19 sentence of 16 years is appropriate in this case.

20 Accordingly, based on all the factors set forth under 18 U.S.C. § 3553(a), the government
21 respectfully requests that the Court impose the sentence to which the government and the Probation
22 Department agree, *i.e.*, 192 months' imprisonment followed by five years of supervised release.
23 //

**V.     Conclusion**

The United States respectfully requests that the Court sentence the defendant Justin Whipple to 192 months imprisonment, five years of supervised release with special conditions, and a $700 special assessment.

DATED: June 4, 2014                                            Respectfully submitted,

                                                               MELINDA HAAG
United States Attorney

By:     /s/
ACADIA L. SENESE
Assistant United States Attorney