RICHARD B. MAZER, CSBN 49632
Law Offices of Richard B. Mazer
99 Divisadero Street
San Francisco, California 94117
Telephone: (415) 621-4100
Facsimile: (415) 621-4111
Attorney for Defendant
VICTOR FLORES

STUART A. HANLON, CSBN 66104
SARA RIEF, CSBN 227279
Law Office of Hanlon & Rief
179 11th Street, 2nd Floor
San Francisco, CA 94103
Telephone: (415) (415) 864-5600
Attorney for Defendant
BENJAMIN CAMPOS-GONZALEZ

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 12-0119 SI |
| Plaintiff, | |
| vs. | |
| VICTOR FLORES and BENJAMIN CAMPOS-GONZALEZ, | |
| Defendants. _____ / | |

DEFENDANT FLORES' AND CAMPOS-GONZALEZ'S PROPOSED SUMMARY OF THE INDICTMENT TO BE READ TO THE JURY AT THE BEGINNING OF TRIAL


Defendants Victor Flores and Benjamin Campo-Gonzalez submit this proposed summary of the evidence to be read to the impaneled jury, along with the Court's introductory instructions, prior to opening statements of counsel:

Members of the jury, this is a summary of the charges in the indictment in this case. The indictment is not proof of anything, but merely states what the charges are and what the government is required to prove beyond a reasonable doubt in this case. All of the defendants at this trial have entered pleas of not guilty to the charges lodged against them in the indictment.

There are twenty-six counts, or charges, in this trial. There are four defendants on trial in this case: Victor Flores, Benjamin Campos-Gonzalez, Armando Acosta, and Mario Bergren. There are other defendants named in the indictment, and other counts contained in the indictment, but those defendants and charges are not part of this trial. Please do not speculate as to why the other defendants are not present at this trial. Also, the issue of punishment, if any of the defendants is found guilty, is for the Court alone to decide and not something for you to consider during the trial.

Count One charges all four defendants with conspiring to participate in a racketeering enterprise, referred to as the "C Street/500 Block", which is alleged to be part of, and under the control of, a larger criminal racketeering enterprise known as La Nuestra Familia, a California prison gang that controls many "norteno" street gangs in northern California. The government is required to prove the existence of this overall alleged enterprise, that it constituted an ongoing organization whose members functioned as a unit that had a common purpose of achieving the criminal

objectives of the enterprise through a pattern of racketeering activity, and that the enterprise's activities affected interstate and foreign commerce. The alleged purposes of this C Street/500 Block/Nuestra Familia enterprise are: (1) to claim and protect specific territory in South San Francisco, and to maintain the territory, reputation and profits of the enterprise through the use of intimidation, violence, and threats of violence; (3) promoting the criminal activities of its members including murder, attempted murder, drug trafficking, theft of vehicles, robberies and other crimes; (4) keeping victims and community members in fear of members and associates of the enterprise through acts and threats of violence; (5)preventing law enforcement officers from identifying, apprehending and prosecuting members and associates of the enterprise. Count One alleges that these four defendants were members of this racketeering conspiracy, and that each of these defendants agreed that some co-conspirator, not necessarily the defendants themselves, would commit at least two acts of racketeering in furtherance of the affairs and purposes of the enterprise.

Count Two alleges that the four defendants conspired with themselves and others to commit murder in aid of racketeering. It requires the government to prove beyond a reasonable doubt that the defendants were actual members of the racketeering enterprise charged in Count One, and that they agreed together and with each other to commit murder, in violation of the California Penal Code, by killing actual and suspected members of rival criminal enterprises, individuals suspected of cooperating with law enforcement, and individuals who defied the C Street/500 block criminal enterprise, in

order to maintain or increase their standing within the criminal enterprise.

Count Three alleges that the four defendants conspired with themselves and others to commit assault with a deadly weapon in aid of racketeering. It requires the government to prove beyond a reasonable doubt that the defendants were actual members of the racketeering enterprise charged in Count One, and that they agreed together and with each other to commit assault with a deadly weapon, in violation of the California Penal Code, by committing assaults with deadly weapons on actual and suspected members of rival criminal enterprises, individuals suspected of cooperating with law enforcement, and individuals who defied the C Street/500 block criminal enterprise, in order to maintain or increase their standing within the criminal enterprise.

Count Four alleges that two of the defendants, Armando Acosta and Mario Bergren, did use and possess firearms in furtherance of a crime of violence, namely the Count One Conspiracy to engage in a criminal enterprise, the Count Two conspiracy to commit murder, and the Count Three conspiracy to commit assault with a dangerous weapon.

Counts Ten through Eighteen charge two defendants, Victor Flores and Benjamin Campos- Gonzalez, and two others, Joseph Ortiz and Justin Whipple, with acts of violent crimes in aid of racketeering and use and possession of firearms during those violent crimes in aid of racketeering, all involving a shooting incident on December 22, 2010. Count Ten alleges the murder of Gonzalo Avalas in aid of racketeering. Count Eleven alleges the murder of Omar Cortez in aid of racketeering. Count Twelve alleges the murder of Hector Flores in

aid of racketeering.  Count Thirteen alleges the attempted murder of Ulysses Olguin in aid of racketeering.  Count Fourteen alleges the attempted murder of Giovanni Ruiz in aid of racketeering.  Count Fifteen alleges the attempted murder of Daniel Valadez in aid of racketeering.  Count Sixteen alleges the attempted murder of Martin Brown in aid of racketeering. Count Seventeen charges a killing, namely the murders charged in Counts Ten through Twelve, by use of a firearm.  Count Eighteen charges the use and carrying of a firearm during a crime of violence, namely the murders and attempted murders charged in Counts Ten through Sixteen.

      Counts Nineteen through Twenty-Two charge only defendant Armando Acosta with various acts of obstruction of justice related to events after the shooting incident on December 22, 2010.  Count Nineteen alleges that defendant Acosta provided assistance to defendants Flores, Campos-Gonzalez, Joseph Ortiz Justin Whipple in order to prevent the arrest and prosecution of those persons for the shooting incident referred to in Counts Ten through Sixteen.  Count Twenty charges defendant Acosta with conspiring with others to commit obstruction of justice.  Count Twenty-One charges defendant Acosta with impeding and obstructing a grand jury investigation into the shooting incident on December 22, 2010.  Count Twenty-Two alleges that Acosta and others impeded an investigation into the shooting incident on December 22, 2010, by concealing and disposing of firearms allegedly used in the shooting incident of December 22, 2010.

      Counts Twenty-Three through Twenty-Seven charge only defendant Campos-Gonzalez with robberies affecting interstate commerce and the use or possession of a firearm during those

robberies. Count Twenty-Three charges Campos-Gonzalez with conspiracy to commit robberies affecting interstate commerce. Count Twenty-Four charges a robbery affecting interstate commerce on or about April 5, 2010. Count Twenty-Five charges the use of a firearm during the robbery charged in Count Twenty-Four. Count Twenty-Six charges a robbery affecting interstate commerce on or about April 10, 2010. Count Twenty-Seven charges the use of a firearm during the robbery charged in Count Twenty-Six.

Counts Thirty through Thirty-Three charge only defendant Victor Flores, and involve an incident in Petaluma, California in the early morning of May 3, 2012, when federal officers made a forced entry into the residence Mr. Flores to arrest him on charges related to the shooting incident of December 22, 2010 and his involvement with the Csreet/500 Block criminal enterprise set forth in the other counts of the indictment. Counts Thirty, Thirty-One and Thirty-Two charge defendant Flores with the attempted murder of three of the federal agents entering the residence, and Count Thirty Three charges defendant Flores with the use of a firearm during the commission of the attempted murders charged in Counts Thirty through Thirty Three.

Again, I want to remind you that the indictment is not evidence of guilt, and the government bears the burden of proving the charges in the indictment beyond a reasonable doubt.

Defendants submit that their proposed summary of the indictment is both complete, objective and succinct. It does not include surplasage from the introductory portions of the indictment, which the government agreed would not

be read to the jury.  Defendants therefore request that the Court adopt the defendants' proposed summary of the indictment to be read to the jury at the beginningof the trial.

Dated: June 20, 2014                    Respectfully Submitted,

 /s/ Richard B. Mazer
RICHARD B. MAZER
Attorney for Defendant
VICTOR FLORES

 /s/ Stuart A. Hanlon
STUART A. HANLON
Attorney for Defendant
BENJAMIN CAMPOS-GONZALEZ

Defendant's Proposed Summary of Indictment      7