1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                 No. CR 12-00119 SI

12              Plaintiff,                      **ORDER DENYING MOTION FOR**
                                                **RECONSIDERATION**
13      v.

14   MARIO BERGREN,

15              Defendant.
     _____/
16

17          On June 18, 2014, the Court heard argument on a motion for reconsideration brought by

18   defendant Mario Bergren.[1]  Dkt. No. 1079.  Defendant seeks reconsideration of the Court's previous

19   Order denying his motion to suppress evidence.  *See* Dkt. No. 973.  For the following reasons, the Court

20   DENIES defendant's motion.

21          "Reconsideration is appropriate if the district court (1) is presented with newly discovered

22   evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

23   intervening change in controlling law."  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.

24   1993).  While a court is permitted to reconsider a prior order, this is "an extraordinary remedy, to be

25   used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*,

26   342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted).  A motion for

27

28

_____

[1]The Court notes that defendant failed to seek leave of the Court to file a motion for reconsideration.  However, given the proximity of trial, the Court will address the merits of defendant's motion, notwithstanding this failure.

United States District Court
For the Northern District of California

1    reconsideration may not be used to present arguments that were, or could have been raised in the initial

2    motion. *Id.*

3        Defendant moves the Court to reconsider its prior Order, arguing that newly discovered evidence

4    reveals that the confidential informant ("CI") whose statements formed a portion of the probable cause

5    for a warrant "had repeatedly lied to the police in numerous interviews" and was therefore not a

6    "untested" informant as the warrant affidavit stated. *See* Dkt. No. 1079 at 3-4. The government argues

7    that reconsideration is inappropriate, both because the evidence on which defendant relies is not newly

8    discovered, and because the evidence fails on its merits under the *Franks* standard. *See Franks v.*

9    *Delaware*, 438 U.S. 154 (1978). The Court accepts defendant's contention that this evidence is newly

10   discovered, but agrees with the government that it is insufficient to warrant reconsideration of the

11   Court's prior Order.

12       To satisfy the *Franks* standard, a defendant must make a preliminary showing that: (1) the affiant

13   intentionally or recklessly included a false statement in the warrant application; and (2) the false

14   statement was material to the issuing judge's determination of probable cause. *Franks*, 438 U.S. at 155-

15   56. Material omissions can likewise form the basis of a *Franks* hearing. *United States v. Stanert*, 762

16   F.2d 775, 781 (9th Cir. 1985), *amended on other grounds*, 769 F.2d 1410 (9th Cir. 1985). The

17   defendant bears the burden of proof, and must make a "substantial showing" as to both the required

18   mental state of the affiant, and the materiality of the alleged misstatements or omissions. *United States*

19   *v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002). A defendant who challenges an affidavit on the

20   basis of material omissions must show that the affidavit, "supplemented by the omissions would not be

21   sufficient to support a finding of probable cause." *Stanert*, 762 F.2d at 782 (citing *Franks*, 438 U.S. at

22   171-72).

23       The basis for defendant's motion is a series of police reports documenting an incident in which

24   the CI was assaulted, some four months before she gave the statements that were included in the warrant

25   affidavit. *See* Dkt. No. 1079-1. The reports document the CI's encounters with the police, and note that

26   the CI was uncooperative and sometimes untruthful. *Id.*

27       The new evidence defendant has produced is not sufficient to form the basis for reconsideration.

28   In its prior Order, the Court found that the omission of certain witness statements from the warrant

**United States District Court**
For the Northern District of California

application was not a material omission under *Franks*. *See* Dkt. No. 973 at 7-8. The Court noted that

the affiant provided both the CI's and defendant's versions of the relevant events to the issuing judge,

and that the CI's statements were corroborated by evidence found at the scene, as well as by later

ballistics tests linking the defendant to the incidents under investigation. *Id.* The Court ruled that, "even

discounting the CI and witness statements about the particular sequence of events," there was still

sufficient probable cause for the warrant to issue. *Id.* at 8.

The Court finds that, even had the affiant provided information regarding the CI's uncooperative

and untruthful behavior as an assault victim, the issuing judge's finding of probable cause would have

been undisturbed. The warrant affidavit informed the issuing judge that defendant had made a statement

to the police following the February 2, 2010 vehicular shooting. Dkt. No. 889-1. It further stated that

the CI had been with defendant that night and had opted not to tell police the truth of what had really

happened. *Id.* The issuing judge was also aware that the statement the CI gave the police when she later

decided to cooperate was only corroborated in some details. *Id.* Thus, the issuing judge was aware that

the CI had been untruthful with the police in the past, and that her statements were therefore not

infallible. Including the additional information about the CI's prior conduct as an assault victim would

not have altered the issuing judge's finding of probable cause. *See Stanert*, 762 F.2d at 782 (citing

*Franks*, 438 U.S. at 171-72).

Accordingly, the Court concludes that the new information is not sufficient to warrant

reconsideration of its prior Order, and therefore DENIES defendant's motion. This Order resolves

Docket No. 1079.

**IT IS SO ORDERED.**

Dated: June 23, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California