IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 12-00119 SI |
| Plaintiff, | **ORDER RE MARCH 18, 2014 INCIDENT** |
| v. | |
| VICTOR FLORES, et al., | |
| Defendants. | |

Now before the Court is defendants' motion to exclude evidence of an incident that took place on March 18, 2014. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS defendants' motion.

At issue in this motion is an incident that took place on March 18, 2014, while defendants Campos-Gonzalez and Flores were being transported in a prison van from Glen Dyer jail to the federal building in San Francisco. A U.S. Marshal witnessed Campos-Gonzalez, while fully restrained, throw his body against another inmate. The Marshal pulled Campos-Gonzalez from the van, whereupon Flores, who was also fully restrained, began throwing his body against the same inmate. The Marshal did not report hearing any statements. It was later determined that the inmate defendants attacked had self-identified as a Sureño during an Immigration and Customs Enforcement interview in February, 2014.

The government seeks to admit testimony regarding this attack as direct evidence of count

United States District Court
For the Northern District of California

one of the indictment – racketeering conspiracy – and count three of the indictment – conspiracy to commit assault with a dangerous weapon in aid of racketeering. While the Court agrees that this incident is not inadmissible simply because it occurred nearly two years after the indictment was returned, it still finds that it is improper to admit the evidence under the circumstances of this case.

The Supreme Court has held that "acts of one alleged conspirator could be admitted into evidence against the other conspirators, if relevant to prove the existence of the conspiracy, 'even though they might have occurred after the conspiracy ended.'" *Anderson v. United States*, 417 U.S. 211, 219 (1974) (quoting *Lutwak v. United States*, 344 U.S. 604, 618 (1953)). However, the Court cannot conclude, based on the evidence presently before it, that this incident is relevant to prove the existence of the charged conspiracy.

The Court agrees with the government that the victim's self-identification as a Sureño is not hearsay. It would be offered not for its truth – that the victim was in fact a Sureño – but rather for its impact on the defendants' state of mind – that they believed the victim was a Sureño. However, the government has missed a vital step in this analysis. Although it could prove that the victim held himself out as a Sureño, and that the defendants attacked the victim, the government has no evidence supporting the conclusion that the defendants attacked the victim because they believed he was a Sureño. The Court finds that the government has not established the relevance of this evidence, and it is therefore inadmissible.[1] This Order resolves Docket No. 1178.

**IT IS SO ORDERED.**

Dated: July 28, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[1] The Court further notes, given the uncertainty regarding whether the defendants actually knew the victim was a Sureño, that admitting this evidence would raise the risk of a mini-trial on the issue. *See* Fed. R. Evid. 403.

2