MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6809
    FAX: (415) 436-6753
    acadia.senese@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 12-CR-0119-SI |
| v. | |
| VICTOR FLORES, et al., | GOVERNMENT'S MEMORANDUM RE: WITHDRAWAL INSTRUCTION |
| Defendants. | |

    The Government respectfully submits this Memorandum to address the defendants' request for the "Withdrawal from Conspiracy" instruction, Model Instruction 8.24.

    Upon further examination of the law and record, the Government objects to inclusion of Model Instruction 8.24 because there is no factual basis for it. "A conspirator can withdraw from a conspiracy by: (1) disavowing the unlawful goal of the conspiracy; (2) affirmatively acting to defeat the purpose of the conspiracy; or (3) taking definite, decisive, and positive steps to disassociate himself from the conspiracy. However, a defendant remains liable for actions taken before withdrawing from the conspiracy." United States v. Kilby, 443 F.3d 1135, 1139 (9th Cir. 2006) (quoting United States v. Fox, 189 F.3d 1115, 1118 (9th Cir. 1999)) (internal citation and quotation marks omitted); see also United

States v. Johnson, 956 F.2d 894, 906-07 (9th Cir. 1992) ("As a general rule, the fact that a conspirator is taken into custody does not automatically indicate disavowal of the conspiracy." ), superseded on other grounds recognized in United States v Martinez-Martinez, 369 F.3d 1076, 1089-90 (9th Cir. 2004).  No evidence presented during trial suggests that any defendant affirmatively disavowed any of the goals of any of the conspiracies charged or took any affirmative action to defeat any of the conspiracies.

That said, if the Court is inclined to give Model Instruction 8.24, it should be limited only to Count Twenty, conspiracy to obstruct justice, which is the only one of the conspiracy charges that is charged under 18 U.S.C. § 371, and thus, is the only conspiracy charge that requires proof of an overt act.  Model Instruction 8.24, by its own terms, is inapplicable to conspiracies that do not require proof of an overt act, such as RICO conspiracy.  See Model Instruction 8.24 Comment ("Use this instruction *only when (1) the conspiracy charged in the indictment requires proof of an overt act . . .* and (2) there is sufficient evidence to make a prima facie case of withdrawal." (citations omitted, emphasis added)); Salinas v. United States, 522 U.S. 52, 63 (1997) ("There is no requirement of some overt act or specific act in the statute before us, unlike the general conspiracy provision applicable to federal crimes. . . .The RICO conspiracy provision, then is even more comprehensive than the general conspiracy offense in § 371.").  See also United States v. Hughes, 191 F.3d 1317, 1323 (10th Cir.1999) ("The defense of withdrawal does not exonerate a defendant for past conduct; it can exonerate him only as to future conduct by his coconspirators.") (citations omitted); United States v. Grimmett, 150 F.3d 958, 961 (8th Cir.1998) (there is a "general rule that a defendant may not raise withdrawal as an affirmative defense to a conspiracy charge where no overt act is necessary."); United States v. Rogers, 102 F.3d 641, 645 (1st Cir.1996) (withdrawal does not provide an affirmative defense to § 846 conspiracy); and United States v. Francis, 916 F.2d 464, 466 (8th Cir.1990).

Several federal pattern jury instructions also recognize that withdrawal cannot be used as an affirmative defense for a charge under § 846.  Proposed Pattern Criminal Jury Instruction of the Fifth Circuit § 2.23. This instruction is accompanied by a note stating this affirmative defense is not available "to conspiracies charged under 21 U.S.C. § 846, which do not require proof of an overt act." Pattern Crim. Jury Instr. 5th Cir. § 2.23 (2001). See also Pattern Crim. Jury Instr. 11th Circuit, Offense

Instruction 13.4 (2003) Annotations and Comments ("an instruction on withdrawal is never appropriate under a conspiracy statute that does not require proof of an overt act"); Federal Jury Practice & Instructions § 63 ("in [this] situation the crime is complete when the defendant joins a conspiracy, [therefore] the concept of withdrawal would appear to be inapplicable...."). U.S. v. Williams, 374 F.3d 941, 950 n.12 (C.A.10 (N.M.)(2004).

After all, unlike a conspiracy requiring the commission of an overt act – in which the crime of conspiracy is not completed until the commission of an overt act, and therefore, withdrawal prior to commission of the overt act pre-empts guilt – the crime of RICO conspiracy is completed *upon agreement*. Any withdrawal, even if it takes place a fraction of an instant after agreement, does not pre-empt the commission of the crime. At most, withdrawal may limit the conduct for which a defendant is held culpable, i.e., render a defendant not liable for conduct subsequent to withdrawal. Withdrawal from a conspiracy that does not require commission of an overt act, however, does not absolve a defendant of guilt.

DATED:  September 11, 2014

Respectfully submitted,

MELINDA HAAG  
United States Attorney

By:   /s/  
Acadia L. Senese  
Stephen J. Meyer  
Benjamin P. Tolkoff  
W.S. Wilson Leung  
Assistant United States Attorneys