MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

BENJAMIN TOLKOFF (NYBN 4294443)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Benjamin.Tolkoff@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 12-0119 SI |
| ) | |
| Plaintiff, ) | UNITED STATES' MEMORANDUM IN SUPPORT OF EXPLANATION OF THE LAW |
| v. ) | |
| ) | Date: September 22, 2014. |
| VICTOR FLORES ET. AL., ) | Time: 9:00 a.m. |
| ) | |
| Defendant. ) | |

I.    FACTS:

Defendant Victor Flores has claimed self-defense as to Counts Thirty through Thirty-Three of the Indictment which charge him with attempted murder of federal agents. His theory, as presented through cross examination and defendant's own witnesses, is that he believed members of a rival gang were coming to kill him. He argues that, based on that belief, his actions on May 3, 2012 were justified.

For the first time, in closing argument, defense counsel made a comment about the attire of the victim agents who Mr. Flores shot on May 3, 2012. Counsel acknowledged that the agents were yelling "Police" but claimed there was no indication they were federal agents.

It is a defense to the charge if defendant did not know that Anwar Thompson, Timothy

1

O'Hara, and Brian Homcy were federal agents." No evidence he knew they were federal agents. They were yelling, "Police. Police. Police." They might have had "Homeland Security" on their shields or on their vests, but no one saw that in the smoke, in the dust, in all of the chaos that was going on.

TR at 9017:1-9.

Mr. Mazer was implying that if the government cannot prove that Victor Flores knew his victims were *federal* agents, as opposed to law enforcement officers generally, the jury may acquit.

That is not the law and the government will clarify the law in its rebuttal to the jury. The government respectfully requests that, if the jury requests clarification of Model Instruction 8.5, by way of a note, that the jury be instructed on what the law is, not what Mr. Mazer claimed it is.

II. DISCUSSION:

Model Instruction 8.5 requires:

"In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt either (1) that the defendant knew that Anwar Thompson, Timothy O'Hara, and Brian were federal agents or (2) that the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force or (3) that the defendant used more force than appeared reasonably necessary in the circumstances."

Mr. Mazer reads this, and urges the jury to read this to mean that even if Victor Flores knew the agents coming into his home were police officers, if he did not know they were *federal* agents, his actions were justified. This is not the law.

*United States v. Feola*, 420 U.S. 671 (1975) is the source of Model Instruction 8.5. *Feola* (addressing assault on undercover agents) dealt with whether a defendant charged with assault on a federal agent had to know the identity of his victim. *Feola* held there was no such requirement and that the *mens rea* for the crime was satisfied if the defendant had intended to commit an assault.[1] The *Feola* Court went on to recognize that "there may well be circumstances in which ignorance of the official

---

[1] Now reflected in Jury Instruction 62 in this case: "the government does not need to prove that the defendant knew that the person he attempted to murder was a federal officer or employee."

2

status of the person assaulted or resisted negates the very existence of *mens rea*." *Id*. at 686. It is from this comment that the Ninth Circuit drew its authority for Model Instruction 8.5.

*Feola* makes clear that the defendant's *mens rea* is only lacking if he does not know of his victims' "official status" or "official identity." *Id*. at 686-687. The Supreme Court does not seriously contend that if the defendant believed his victims were state officials but not federal officials, that he would not have formed the requisite *mens rea*. Even the *Feola* dissent, which urged that defendants needed to know the official identity of their victims, readily conceded that "it is immaterial whether the assailant knew the victim was employed by the federal, as opposed to state or local government. That *is* a matter of 'jurisdiction only,' for it does not affect the moral gravity of the act." *Id*. at 699 (emphasis in original).

If Mr. Flores formed the requisite *mens rea* to kill state or local police officers but did not know his victims were federal agents, then he cannot seriously claim he lacked the *mens rea* to commit the crime. That is the law in the Ninth Circuit.

*United States v. Morton*, 999 F.2d 435 (9th Cir. 1993) is directly on point.

> The element of mistake or lack of knowledge is not concerned with whether the defendant recognized the alleged victim as a federal agent but with whether the defendant recognized that the agent was authorized to act in the manner which allegedly provoked the purported self-defense. *See United States v. Young*, 464 F.2d 160, 163 (5th Cir.1972) (referring to defendant's 'ignorance of the victim's official privilege to interfere with the defendant's person or freedom of movement').

*Morton* at 438, footnote 1.

The Ninth Circuit recently reiterated that the basis for the defense laid out in Model Instruction 8.5 is the defendant's failure to recognize the agent's authority—not the jurisdiction (state or federal) from which the agent draws that authority. *United States v. Johnson*, 480 Fed. Appx. 437 (9th Cir 2012).

> This Court has recognized a defense to assaulting a federal agent where the defendant fails to recognize that the agent was authorized to act in the manner which allegedly provoked the purported self-defense. *United States v. Morton, 999 F.2d 435, 437 & n.1 (9th Cir. 1993).* 'The defense consists of (1) *a mistake or lack of knowledge as to authority*, (2) a reasonable belief that force was necessary to defend against an immediate use of unlawful force, and (3) the use of no more force than appeared reasonably necessary.' *Id. at 437-38*.

*Johnson* at 438 (emphasis added).

Mr. Flores' claim of self-defense in this case is a claim of mistake of fact or lack of knowledge. Mr. Flores claims he believed the men he shot were members of a rival gang. He is entitled to make that claim and if the government cannot disprove it beyond a reasonable doubt, the jury will acquit as to those charges.

What Mr. Flores cannot do is claim that, even if he knew the men he shot were police, he is entitled to acquittal if the government cannot prove he knew them to be federal agents. That is not the law.

### III. CONCLUSION:

The government is not asking the Court to re-instruct the jury. The government will address Mr. Mazer's misstatement of the law in the government's rebuttal argument. The government merely asks that, if the jury expresses confusion on this point, the Court resolve that confusion with a correct statement of the law. That statement has been made by the Supreme Court and the Ninth Circuit and is not a disputed legal issue.

Date: September 18, 2014.

Respectfully Submitted,

MELINDA HAAG
United States Attorney

/s/
BENJAMIN TOLKOFF
Assistant United States Attorney

4