Law Offices of
GEORGE C. BOISSEAU
State Bar Number 75872
740 4th Street
Second Floor
Santa Rosa, California 95404
Phone: (707) 578-5636
Fax: (707) 578-1141
E-Mail: boisseaugc@msn.com

Attorney for Defendant
MARIO BERGREN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARIO BERGREN, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | CR-12-0119-SI <br><br> MEMORANDUM OF POINTS AND AUTHORITIES REGARDING GOVERNMENT'S REBUTTAL ARGUMENT |

INTRODUCTION

Defendants submits the following memorandum of law regarding the government's rebuttal argument. The government has requested a full court day for rebuttal. In anticipation of potential issues regarding the need for such a lengthy rebuttal argument, the defense submits the following.

ARGUMENT

THE GOVERNMENT'S REBUTTAL ARGUMENT MUST BE LIMITED TO ARGUMENTS PREVIOUSLY MENTIONED IT ITS CLOSING-IN-CHIEF AND CAN ONLY BE A RESPONSE TO DEFENSE COUNSEL'S ASSERTIONS DURING THE VARIOUS DEFENDANTS' CLOSINGS.

As made clear by the advisory committee notes to Rule 29.1, "fair and effective administration of justice is best served if the defendant knows the arguments actually made by the prosecution in behalf of conviction before the defendant is faced with the decision whether

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE TESTIMONY AND DISMISS

to reply and what to reply." (Fed.R.Crim.P. 29.1, Advisory Committee's Note.) Thus, the government should not be allowed to raise arguments in rebuttal not previously mentioned in its closing-in-chief.

Rebuttal is proper as a response to defense counsel's assertions regarding witness credibility, to advance arguments to which the defendant has opening the door, and to argue reasonable inferences from the evidence. (See *United States v. Polizzi*, 801 F.2d 1543, 1558 (9th Cir.1986)(prosecutors are free to argue reasonable inferences from the evidence); *United States v. Chavez-Vernaza*, 844 F.2d 1368, 1376 (9th Cir.1987); *United States v. Lopez*, 803 F.2d 969, 972; *United States v. Gray*, 876 F.2d 1411, 1417 (9thCir.1989); *United States v. Maloney*, 755 F.3d 1044, 1048 (9th Cir.2014) (*en banc*)(government admitted it had improperly "sandbagged" the defense by waiting for the first time to bring up an argument in its rebuttal argument).)[1]

During closed arguments, prosecutors have considerable leeway to strike "hard blows" based on the evidence and all reasonable inferences from the evidence. (*United States v. Hermanek*, 289 F.3d 1076, 1100 (9th Cir.2002) However, in the specific context of rebuttal summation, "a prosecutor cannot use rebuttal to put forth new arguments, but is restricted to responding to the points made by the defense counsel in closing arguments. (*United States v. Taylor*, 728 F.2d 930, 937 (7th Cir.1984).)

Rebuttal argument should not just be another opportunity to argue exactly what the government had argued in its closing-in-chief. Nor would it be proper for the government to urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future lawbreaking. (*United States v. Sanchez*, 659 F.3d 1252, 1256 (9thCir.2011).) Also, it would violate due process if the government during rebuttal

---

[1] In commending the United States Attorney for confessing error, the Ninth Circuit reiterated the maxim that "a prosecutor is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that just shall be done." (*United States v. Maloney*, *supra*, 755 F.3d at p. 1046, quoting *Berger v. United States*, 295 U.S. 78, 88 (1935).)

impressibly commented on a defendant's exercise of his Fifth Amendment rights.  (See *United States v. Baker*, 999 F.2d 412, 415 (9th Cir.1999).)

CONCLUSION

For the foregoing reasons, BERGREN respectfully submits that the government's rebuttal argument be properly restricted in scope.

Dated: September 21, 2014

                              Respectfully submitted,

                                /s/
                             GEORGE C. BOISSEAU
                             DENA YOUNG

                             Attorneys for Defendant
                             MARIO BERGREN